IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Iconfind, Inc., | ) |
| Plaintiff, | ) 2:11-cv-00319-GEB-JFM ) |
| v. | ) ORDER* ) |
| Google, Inc., | ) |
| Defendant. | ) ) |

Plaintiff Iconfind moves for an order dismissing Defendant Google's invalidity counterclaim and striking Google's invalidity affirmative defense. Iconfind argues Google's invalidity allegations are not facially plausible claims, and therefore Iconfind has not been provided with fair notice of the claimed invalidity.

The motion concerns Google's second affirmative defense and second counterclaim in which it alleges that the patent-in-suit, U.S. Patent No. 7,181,459 (the "'459 patent"), is invalid. These allegations are identical and are the following:

> The Claims of the '459 patent are invalid under 35 U.S.C. § 101 because they fail to claim patentable subject matter insofar as each seeks to claim an abstract idea; [and] because they fail to meet the 'conditions for patentability' of 35 U.S.C. §§ 102, 103, and/or 112 because the claims lack utility; are taught by, suggested by, and/or obvious in view of, the prior art; and/or are not adequately

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

supported by the written description of the patented invention.

A counterclaim may be dismissed for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). Further, "the court may strike from a pleading [any] insufficient defense . . . ." Fed. R. Civ. P. 12(f).

A pleaded claim or defense must "give . . . fair notice of what the . . . claim [or defense] is and the grounds upon which [relief] rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Qarbon.com, Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1048-49 (N.D. Cal. 2004). A pleading must allege "enough facts to [show] relief . . . is plausible on its face." Twombly, 550 U.S. at 570. Facial plausibility means the pled "factual content [is sufficient for a court] to draw the reasonable inference" that the pleader is entitled to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Under the applicable pleading standard, the court "accept[s] as true all facts [pled]. . ., and draw[s] all reasonable inferences in favor of the [non-movant]." Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.

Google's invalidity allegations are comprised solely of legal conclusions and/or conclusory factual allegations. First, Google alleges that the '459 patent is invalid under 35 U.S.C. § 101 because the patent "seeks to claim an 'abstract idea.'" This conclusory allegation is insufficient under the pleading standard since it does not contain factual allegations sufficient to support drawing a reasonable inference that '459 patent does not contain patentable ideas. "A reference to a doctrine, like a reference to statutory provisions, is

insufficient notice[]" of the basis for the relief the pleader seeks. Qarbon, 315 F. Supp. 2d at 1049.

Google's prior art invalidity allegations, alleged under 35 U.S.C. §§ 102 and 103, are also insufficient since Google fails to allege facts sufficient for a reasonable inference to be drawn that the claimed invention is invalid in light of prior art. Cf., VG Innovations, Inc. v. Minsurg Corp., No. 10-1726, 2011 U.S. Dist. LEXIS 41756, at *4-5, 2011 WL 1466181, at *2 (M.D. Fla. Apr. 18, 2011) (examining an allegation that the patent-in-suit was invalid "in light of the Stein Paper and other prior art, including scholarly articles and patents disclosing the use of minimally invasive surgical portals and approaches").

Lastly, Google's allegation that the claims of the '459 patent "are not adequately supported by the written description of the patented invention" is a legal conclusion since no factual allegations are pled from which a reasonable inference could be drawn that Iconfind failed to provide an adequate written description of the '459 patent.

Therefore, Iconfind's motion to dismiss Google's second counterclaim and to strike Google's second affirmative defense is granted. Google is granted ten (10) days from the date on which this order is filed to amend the deficiencies in its pleading addressed in this Order. Failure to amend within this leave period could result in a dismissal order issuing with prejudice.

Dated: August 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

3