1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ICONFIND, INC.,

              Plaintiff,                 No. CIV S:2:11-cv-0319-GEB-JFM

   vs.

GOOGLE, INC.,

              Defendant.            <u>ORDER</u>

_____/

        The court held a hearing on July 28, 2011 on two discovery disputes.  Daniel

Baxter and Anna Folgers appeared for plaintiff.  Kenneth Maikish appeared for defendant.  Upon

review of the joint discovery statements, upon hearing the arguments of counsel and good cause

appearing therefor, THE COURT FINDS AS FOLLOWS:

                             RELEVANT PROCEDURAL BACKGROUND

        This patent infringement suit is proceeding on plaintiff's February 3, 2011

complaint and defendant's March 24, 2011 counterclaims.  On June 4, 2011, the parties filed a

joint discovery statement concerning the inclusion of a prosecution bar in a protective order.  On

July 21, 201, the parties filed a joint discovery statement concerning the number of

interrogatories propounded by plaintiff.

/////

1

DISCUSSION

A.   Prosecution Bar

The parties first dispute the inclusion of a prosecution bar in a protective order. Defendant Google proposes adding the prosecution bar.  Plaintiff Iconfind opposes its inclusion.

The prosecution bar, as initially proposed by Google, reads:

Any person reviewing any of an opposing party's Confidential Materials, Confidential Outside Counsel Only Materials or Source Code  (all of which shall also be automatically designated as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of a party asserting a patent in this case. Furthermore, any person reviewing any of an opposing party's Prosecution Bar Materials shall not, for a period commencing upon receipt of such information and ending one year following last reviewing such Prosecution Bar Material engage in any Prosecution Activity involving claims on a method, apparatus, or system that involve coding, categorizing, and/or retrieving information from a computer network.

Prosecution Activity shall mean any activity related to the competitive business decisions involving the preparation or prosecution (for any person or entity) of patent applications relating to coding, categorizing, and/or retrieving information from a computer network or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling or drafting of claims for any patent application, reexamination, or reissue application.  Notwithstanding the above, with respect to any reexamination relating to the patent-in-suit in this matter, an attorney who reviews an opposing party's Prosecution Bar Materials may participate in such a reexamination to the extent limited to assisting reexamination counsel with respect to issues relating to the characterization of the prior art but, in no event, relating to amending or adding additional claims.  Nothing in this paragraph shall prevent any attorney from sending nonconfidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a  foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client. The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviews Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm.  It is expressly agreed that attorneys who work on this matter without reviewing Prosecution Bar Materials shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar.

Joint Statement, Ex. A at 10-11.

1          1.      Applicable Legal Standards

2          A party seeking a protective order has the burden of showing good cause for its

3   issuance.  Fed. R. Civ. P. 26(c).  The same is true for a party seeking to include in a protective

4   order a provision effecting a prosecution bar.   In re Deutsche Bank Trust Co., 605 F.3d 1373,

5   1378 (Fed. Cir. 2010).  Despite provisions in protective orders that specify that information

6   designated as confidential may be used only for purposes of the current litigation, courts

7   recognize that "there may be circumstances in which even the most rigorous efforts of the

8   recipient of such [sensitive] information to preserve confidentiality in compliance ... with a

9   protective order may not prevent inadvertent compromise."  Deutsche Bank, 605 F.3d at 1378.

10  Accordingly, courts authorize the inclusion of prosecution bars in protective orders as a less

11  drastic alternative to the disqualification of counsel or experts.  See, e.g., Cummins-Alison Corp.

12  v. Glory Ltd., 2003 U.S. Dist. LEXIS 23653, at *29-30 (E.D. Ill. 2003).  "The determination of

13  whether a protective order should include a patent prosecution bar is a matter governed by

14  Federal Circuit law," and a party seeking to include a prosecution bar in a protective order

15  carries the burden of showing good cause for its inclusion.  Deutsche Bank, 605 F.3d at 1378.

16          a.      "Competitive Decisionmaking"

17          In order to prevail, Google must show that the prosecution bar is necessary in

18  light of the risk presented by the disclosure of proprietary competitive information.  To show this

19  risk, Google must first present sufficient facts to demonstrate that counsel here are involved in

20  "competitive decisionmaking" for Iconfind.  The Federal Circuit defines "competitive

21  decisionmaking" as "shorthand for a counsel's activities, association, and relationship with a

22  client that are such as to involve counsel's advice and participation in any or all of the client's

23  decisions (pricing, product design, etc.) made in light of similar or corresponding information

24  about a competitor."  U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir.

25  1984).  Deutsche Bank refined U.S. Steel by clarifying that not every patent prosecution attorney

26  is necessarily involved in competitive decisionmaking.  605 F.3d 1379.  In so finding, the court

1  distinguished administrative and oversight duties from activities in which counsel play a

2  "significant role in crafting the content of patent applications or advising clients on the direction

3  to take their portfolios." Id. at 1379-80.  The court explained that the latter group of activities –

4  including "strategically amending or surrendering claim scope during prosecution"– posed a

5  more significant risk of inadvertent disclosure than the former.  Id.  In order to determine the

6  risk, the court is required to "examine all relevant facts surrounding counsel's actual preparation

7  and prosecution activities, on a counsel-by-counsel basis." Id. at 1380.

8                        b.    Scope of the Prosecution Bar v. Risk to Opposing Party

9              Once a risk of inadvertent disclosure has been shown, under Deutsche Bank,

10  which represents the controlling law in this dispute, Google then bears the burden of showing as

11  a threshold matter that the proposed prosecution bar "reasonably reflect[s] the risk presented by

12  the disclosure of proprietary competitive information."  605 F.3d at 1381.  This threshold inquiry

13  essentially measures whether a prosecution bar is reasonable: that is, that "the information

14  designed to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar

15  and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure

16  of proprietary competitive information." Id.  If the moving party meets this threshold

17  requirement, the court must then weigh the risk of inadvertent disclosure by individuals involved

18  in competitive decisionmaking against the potential injury to the party deprived of its counsel of

19  choice. Id.

20        2.    The Parties' Positions

21              a.    Iconfind

22              Generally, Iconfind opposes the proposed prosecution bar as sweeping and

23  unnecessary.  It argues that, as phrased, Google's prosecution bar would bar *any person* that has

24  accessed *confidential* information from participating on behalf of *any client* in *any activity*

25  related to those *matters that fall within the Prosecution Bar*.

26  /////

Specifically, Iconfind argues that:

- Proper measures currently exist to protect against inadvertent disclosure through the terms of the protective order;

- The proposed prosecution bar is overbroad in that applies to not just "Highly Confidential" information, but also to those that are merely "Confidential";

- As phrased, the bar applies not just to counsel, but to "any person." Iconfind argues that there is no evidence that counsel (or any expert / consultant) is or will be involved in any competitive decision-making: there are no pending patent applications, Iconfind cannot file for any continuation of the patent-in-suit or any reissue application that could broaden the claims of the patent-in-suit. Even if the prosecution bar was limited to counsel, only two of the four attorneys for Iconfind passed the patent bar and, thus, are eligible to prosecute patents;

- The bar applies to prosecution and reexamination activities for any possible client, not just Iconfind. This argument is too reaching as to counsel. This argument also creates an undue burden on Iconfind who would have to hire a separate law firm to conduct two separate legal actions concerning the same matter. Additionally, any information revealed by Google in this case is irrelevant to a reexamination proceeding by definition; and

- The subject matter of the barred activities is too broad.

Assuming the court finds that a prosecution bar is necessary, Iconfind asks that it be limited to apply: (1) to Prosecution Activities (as defined by Google) with respect to Iconfind and not any other client that a party may in the future represent; (2) cover only "Highly Confidential" (or Source Code) information; and (3) exclude reexamination proceedings.

      b.    <u>Google</u>

Google counters that a prosecution bar is necessary because primary counsel for Iconfind are prominent plaintiffs' attorneys who have a history of filing suit against Google. It then argues that the prosecution bar is bi-lateral and narrowly tailored, consisting of three parts:

- A prohibition on persons who have actually viewed confidential

information[1] from working on additional prosecution for Iconfind until one year after the resolution of this matter;

- A prohibition on persons who have actually viewed confidential material from working on prosecution matters for anyone on technology similar to what is covered by the patent-in-suit for a period of one year after the last time the confidential material was viewed by that person (regardless of whether the case remains ongoing); and

- A limited prohibition on persons who have actually viewed confidential information from participating in a reexamination of the patent-in-suit save with respect to the characterization of the prior art. Google states that this balances Iconfind's interests in not having to bring two sets of counsel up-to-speed on prior art with Google's interest in protecting its internal and confidential technical documents.

3.  Analysis

Before defending the scope of the proposed prosecution bar, which it does at length in the joint statement, Google bears an initial burden of demonstrating that the risk of inadvertent disclosure necessitates the inclusion of a prosecution bar. As discussed earlier, this determination is made on a counsel-by-counsel basis. As to this issue, Google argues only that primary counsel for Iconfind are prominent plaintiffs' attorneys who have a history of filing suit against Google. This type of argument, however, has been rejected by numerous courts. See SmartSignal Corp. v. Expert Microsystems, Inc., 2006 WL 1343647, at *6 (N.D. Ill. May 12, 2006) (denying plaintiff's proposed prosecution bar despite defendant's outside counsel representing the defendant in patent prosecution work and representation of more than fifty clients on biotechnology matters, including the area involved in the underlying action); AFP Advanced Food Products LLC v. Snyder's of Hanover Manufacturing, Inc., 2006 WL 47374, at *2 (E.D. Pa. Jan. 6, 2006) (denying defendant's prosecution bar that would prevent the plaintiff's attorneys from prosecuting new patents for the plaintiff for a period of two years based on

---

[1]  In response to Iconfind's argument that only "Highly Confidential" information be covered, Google proposes a new category called "Prosecution Bar Material," which consists of designated Confidential Materials, Confidential Outside Counsel Only Materials or Source Code.

1   insufficient facts).

2   ////

3          There is no reason for the court to believe that Iconfind's counsel will not strictly

4   follow the protective order and refrain from using, either inadvertently or intentionally, Google's

5   confidential information.  Furthermore, barring Iconfind's counsel from prosecuting similar

6   patents for any period of time following this suit or from the time they viewed the confidential

7   information, without some tangible reason or good cause other than the general threat of

8   inadvertent misuse of discovered materials, is the exact type of overly broad and generalized fear

9   rejected by the Federal Circuit in <u>U.S. Steel</u>, <u>In re Sibia</u> and <u>Deutsche Bank</u>.

10          Because Google has not met its initial burden of showing that there exists a risk

11   of inadvertent disclosure (i.e., that Iconfind's counsel participate in "competitive

12   decisionmaking") the court does not find that a prosecution bar is necessary.

13   B.      <u>Number of Interrogatories</u>

14          In their second discovery dispute, the parties are in disagreement as to the number

15   of interrogatories plaintiff served on defendant on May 17, 2011.

16      1.      <u>The Parties' Positions</u>

17          On May 17, 2011, plaintiff served on defendant its First Set of Interrogatories No.

18   1-16.  On May 26, 2011, Google objected to the requests on the basis that many of IconFind's

19   interrogatories contain discrete subparts, thereby far exceeding the 25-interrogatory limit of

20   Federal Rule of Civil Procedure 33.  Google informed IconFind that it would respond to what it

21   counted as the first 25 interrogatories and then object to the remaining ones.  At the May 30,

22   2011 meet and confer, IconFind requested that Google stipulate to seventy-five interrogatories.

23   Google declined the request.  Thus, in an effort to expedite discovery, IconFind withdrew all but

24   what amounted to (by Google's calculations) 25 interrogatories.

25          IconFind does not agree with Google that their interrogatories contain subparts.

26   However, if the court finds that they do, IconFind seeks leave to serve an additional fifty

7

1  interrogatories (for seventy-five total).

2  /////

3          2.    <u>Analysis</u>

4          The court has reviewed the interrogatories at issue.  Assuming, without deciding,

5  that Google's contentions are correct, the court hereby grants plaintiff leave to serve an

6  additional fifty interrogatories, for seventy-five interrogatories total.

7          Based on the foregoing, IT IS HEREBY ORDERED that:

8          1.  The proposed order shall not include a prosecution bar; and

9          2.  Plaintiff is granted leave to serve an additional fifty interrogatories.

10  DATED: August 8, 2011.

11

12                                     _____

13                            UNITED STATES MAGISTRATE JUDGE

14  /014;icon0319.disc

15

16

17

18

19

20

21

22

23

24

25

26