IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Iconfind, Inc., <br><br>            Plaintiff, <br><br>      v. <br><br> Google, Inc., <br><br>            Defendant. | 2:11-cv-0319-GEB-JFM <br><br> ORDER DENYING GOOGLE'S MOTION FOR JUDGMENT ON THE PLEADINGS<sup>*</sup> |

      Defendant Google, Inc. ("Google") moves under Federal Rule of Civil Procedure ("Rule") 12(c) for judgment on the pleadings of invalidity of the asserted patent in this patent infringement action. (Google's Renewed Motion for Judgment on the Pleadings of Invalidity of U.S. Patent No. 7,181,459 ("Mot."), ECF No. 74.) Google argues that the patent-in-suit, U.S. Patent No. 7,181,459 ("the '459 Patent"), is invalid under 35 U.S.C. § 101 for claiming unpatentable subject matter "because the claims [are] directed towards an abstract idea that, as a matter of law, is not eligible for patent protection." (Mot. 3:16-18.) Plaintiff Iconfind, Inc. ("Iconfind") opposes Google's motion, arguing "that the claims of the patent-in-suit are directed towards much more than an abstract idea and meet the requirements of Section 101." (Plaintiff's Response in Opposition to Defendant's Renewed Motion for

---

    <sup>*</sup>    This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

Judgment on the Pleadings ("Opp'n") 1:16-17, ECF No. 77.)

Google also requests that the Court take judicial notice of the '459 Patent's prosecution history from the United States Patent and Trademark Office. Iconfind does not oppose this request. Since the prosecution history is a public record that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," the request is granted. Fed. R. Evid. 201.

Rule 12(c) prescribes that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

At issue is whether United States Patent Number 7,181,459, titled "Method of Coding, Categorizing, and Retrieving Network Pages and Cites," claims patentable subject matter under 35 U.S.C. § 101 or is an unpatentable abstract idea.

The following brief description of the invention is provided in the '459 Patent's Abstract:

> The invention includes a method for categorizing pages on a network, including the steps of providing a list of categories and providing the opportunity to assign a page to one or more categories. . . . The method also includes a categorization code that can be used to label a page with a categorization label indicating the categories to which the page is assigned. The invention also includes a method for searching for information on a network. The steps include providing an opportunity to limit a search to categories including commerce and information, subject matter, file type, and copyright status, and providing an opportunity to limit the search by keyword.

('459 Patent, at [57].) The "Field of the Invention" is described in the specification of the '459 Patent as follows: "The present invention relates generally to methods for categorizing and searching for information on a network and, more specifically, to categorizing and searching Web pages on the Internet." ('459 Patent col. 1 l.21-25.) There are 31 claims in the '459 Patent, claims 1, 30 and 31 are independent claims, claims 2-29 are dependent. Claim 1 provides the following:

> 1. A computer implemented method of categorizing a network page, comprising:
>
> providing a list of categories, wherein said list of categories include a category for transacting business and a category for providing information, and wherein said list of categories include a category based on copyright status of material on a page;
>
> assigning said network page to one or more of said list of categories;
>
> providing a categorization label for the network page using the copyright status of material on the network page; and
>
> controlling usage of the network page using the categorization label and the copyright status of the network page.

('459 Patent col.12 l.24-38.)

        35 U.S.C. § 101 prescribes the following categories of inventions that are eligible for patent protection: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 100(b) defines the term "process" as a "process, art, or method, and includes a new use of a known process, machine, manufacture, composition of matter, or material."

        "In choosing such expansive terms . . . modified by the

comprehensive 'any,' Congress plainly contemplated that the patent laws would be given wide scope." Bilski v. Kappos, - - - U.S. - - -, 130 S. Ct. 3218, 3225 (2010) (quoting Diamond v. Chakrabarty, 447 U.S. 303, 308 (1980). "In line with the broadly permissive nature of § 101's subject matter eligibility principles, judicial case law has created only three categories of subject matter outside the eligibility bounds of § 101 – laws of nature, physical phenomena, and *abstract ideas*." Ultramercial, LLC v. Hulu, LLC, 657 F.3d 1323, 1326 (Fed. Cir. 2011) (emphasis added) (citing Bilski, 130 S. Ct. at 3225).

"[M]ental processes – or processes of human thinking – standing alone are not patentable even if they have practical application." In re Comiskey, 554 F.3d 967, 979 (Fed. Cir. 2009). As a result, a method claim "that can be performed by human thought alone is merely an abstract idea and is not patent-eligible under § 101." Cybersource Corp. v. Retail Decisions, Inc., 654 F.3d 1366, 1373 (Fed. Cir. 2011) (quotation omitted).

However, when analyzing a patent to determine whether it is directed to an abstract idea, "this disqualifying characteristic should exhibit itself so manifestly as to override the broad statutory categories of eligible subject matter and the statutory context that directs primary attention on the patentability criteria of the rest of the Patent Act." Ultramercial, 657 F.3d at 1327 (quotation omitted). "The application of an abstract idea to a 'new and useful end' is the type of invention that the Supreme Court has described as deserving of patent protection." Id. (citing Gottschalk v. Benson, 409 U.S. 63, 67 (1972)). In addition, "inventions with specific applications or improvements to technologies in the marketplace are not likely to be so abstract that they override the statutory language and framework of the

4

Patent Act." Research Corp. Technologies, Inc. v. Microsoft Corp., 627 F.3d 859, 869 (quotation omitted). Further, "[t]he eligibility exclusion for *purely* mental steps is particularly narrow." Ultramercial, 657 F.3d at 1329-30 (emphasis in original) (citation omitted).

Google argues that the patent is directed to "unpatentable mental processes" because "distilled to their constituent parts, the substantive steps of the claims are: 1. Providing a list of categories; 2. Assigning a network page to the 'list of categories;' 3. Providing a label to the network page using the copyright status of the material on the page; and 4. Controlling usage based on the label and the copyright status of the page." (Mot. 12:22-28, 13:1-2.) Further, Google argues that "the claims of the patent do nothing more than recite an abstract idea [because when v]iewed in their best light, the claims of the '459 patent are directed at the idea of categorizing a 'network page' by the page's copyright status and whether the page is related to 'transacting business' or 'providing information' and then controlling access to the network page based on its characterizations." (Mot. 14:18-22.)

However, Google has not shown under the applicable "clearly established" standard of Rule 12(c) that the concepts embodied in the '459 Patent are "so manifestly abstract as to override the statutory language of Section 101." Ultramercial, 657 F.3d at 1330 (quotation omitted). Therefore, Google's motion for judgment on the pleadings is denied.

Dated:   January 18, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge