IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ICONFIND, INC.,

        Plaintiff,               No. CIV S:2:11-cv-0319-GEB-JFM

    vs.

GOOGLE, INC.,

        Defendant.         <u>ORDER</u>

_____/

        The court held a hearing on April 5, 2012 on two discovery motions.  The first motion, filed by plaintiff IconFind, concerns defendant Google's document production and corresponding privilege log.  The second motion, filed by defendant Google, concerns the sufficiency of IconFind's infringement contentions.  Anna Folgers appeared for plaintiff. Michael Malecek appeared for defendant.  Upon review of the joint discovery statements, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

/////

/////

1

RELEVANT PROCEDURAL BACKGROUND

In this patent case initiated on February 3, 2011, IconFind sues Google for infringement of its patent entitled "Method of Coding, Categorizing, and Retrieving Network Pages and Sites" ("the '459 patent").  IconFind accuses three Google products of infringement: Google Books, Google Picasa and Google Knol.  With its answer, Google has filed counterclaims for declaratory judgment of non-infringement and invalidity.

An in-court tutorial is scheduled for June 25, 2012 before the Honorable Garland E. Burrell, Jr.  A Claim Construction Hearing is scheduled for July 23, 2012, also before Judge Burrell.

DISCOVERY DISPUTES

A.      Plaintiff IconFind's Discovery Motion

In its discovery motion, IconFind challenges Google's supplemental document production and corresponding privilege log.  For the reasons set forth below, the court find this motion to be premature.

1.      Background

a.      Initial Production and Privilege Log

On May 17, 2011, IconFind served its first set of interrogatories and requests for production.  On June 20, 2011, Google served its responses and objections, and on August 8 and 12, 2011 Google produced documents corresponding to the requests for production.  On August 25, 2011, Google produced additional documents and two privilege logs.

On February 13, 2012, counsel for IconFind requested a meet and confer to discuss Google's privilege log.  At the February 16, 2012 meet and confer, counsel for Google agreed to investigate the sufficiency of the privilege log.  On February 22, 2012, less than a week after the meet and confer, IconFind noticed this matter for hearing.

1

       b.     <u>Supplemental Production and Revised Privilege Log</u>

2

       On March 27, 2012, Google provided a revised privilege log.  On March 28,

3

2012, Google provided a supplemental production via FTP.  Also on March 28, 2012, Google

4

mailed via Federal Express a disc with the supplemental document production to IconFind.

5

      2.    <u>The Parties' Positions</u>

6

7

       In their joint statement, plaintiff admits that it has not had a chance to review

8

Google's supplemental production and revised privilege log.  Therefore, plaintiff's position in

9

the joint statement speaks to Google's initial production of documents and privilege log.

10

       Google argues that in light of its supplemental production and revised privilege

11

log, plaintiff's motion is moot and the filing of the motion was premature.  It argues that it has

12

revised the privilege log substantially; whereas the original privilege log contained 479 entries,

13

the revised privilege log contains only 19 entries.  Moreover, Google has produced, unredacted,

14

127 documents that were listed in its original privilege log.

15

       At the April 5, 2012 hearing, counsel for plaintiff stated that, upon a cursory

16

review of the supplemental document production and revised privilege log, issues remain as to

17

the redaction of source code and the withholding of certain documents based on a prosecution

18

bar.  It is evident, however, that the parties have not met and conferred regarding these two

19

issues.  Accordingly, plaintiff's motion to compel will be denied as premature.

20

B.    <u>Defendant Google's Discovery Motion</u>

21

22

       In its motion, defendant Google challenges plaintiff IconFind's Supplemental

23

Revised Infringement Contentions, which were provided to Google in January 2012.

/////

24

/////

25

/////

26

/////

1.     Background

On May 9, 2011, the parties entered into a document production agreement. Relevant here, plaintiff agreed to provide initial infringement contentions containing the following information:

> 1) each asserted patent claim; 2) each accused instrumentality; 3) a chart identifying where each limitation of each asserted claim is found within the accused instrumentality; 4) the priority date to which each asserted claim is entitled; and 5) the bases for its willful infringement allegation.

IconFind produced its initial infringement contentions on July 1, 2011.  On December 2011, the parties met and conferred concerning the sufficiency of IconFind's contentions.  Iconfind agreed to supplement its contentions, which it did in January 2012.  In the pending motion, Google maintains that IconFind's supplemental revised infringement contentions are insufficient for the reasons set forth below.

2.     The Parties' Positions

a.     Google's Position

Google challenges the sufficiency of IconFind's infringement contentions. Specifically, Google (1) seeks a precise definition of "network page," (2) challenges IconFind's infringement contentions based on copyright status; and (3) argues that IconFind merely recites claim language rather than provide a sufficient nexus between its claim language and the allegedly infringing products.

i.     Definition of "Network Page"

Google's first argument is predicated on Claim 1 of plaintiff IconFind's patent, which is reproduced here:

/////

/////

4

A computer implemented method of categorizing a network page, comprising:

> providing a list of categories, wherein said list of categories includes a category for transacting business and a category for providing information, and wherein said list of categories includes a category based on copyright status of material on a page;
>
> assigning said network page to one or more of said list of categories;
>
> providing a categorization label for the network page using the copyright status of material on the network page; and
>
> controlling usage of the network page using the categorization label and the copyright status of the network page.

Google asserts that IconFind fails to define a "network page" and, correspondingly, "individual Picasa pages" and "Google books pages," which are substituted in for "network page" in the claim chart. By way of example, Google refers to an exemplary page in IconFind's claims chart, which alleges that a Google Picasa page infringes IconFind's patent under the "assigning" element of Claim 1. <u>See</u> Joint Statement ("JS") at 6. In this example, Google argues that IconFind fails to sufficiently identify the "network page" that is being assigned to a category. It argues that, although "[o]ne might be tempted to assume that Plaintiff contends that [a web page] is the 'network page,'" "the litigation history of the '459 patent and the testimony of the '459 patent's inventors suggest that Plaintiff contends that the image on the page . . . is the 'network page.'" JS at 7. Both in its portion of the joint statement and at the April 5, 2012 hearing, counsel for Google seeks an order compelling plaintiff to identify the "network page" that Google allegedly categorizes with enough specificity for Google to prepare an adequate defense. Specifically, Google wants to know whether "network page" refers to an image on a web page or the web page itself.

/////

/////

ii.   <u>Copyright Status</u>

Google's second argument rests on dependent Claim 6 and independent Claim 31, both of which recite the following limitation: "providing a list of categories, wherein said list of categories include a category based on copyright status of the material of a page, and wherein the copyright status comprises categories related to [1] public domain, [2] fair use only, [3] use with attribution, and [4] permission of the copyright owner needed."

Google's argument is two-fold.  First, Google reads this limitation as providing that <u>all</u> four types of copyright status (public domain, fair use only, use with attribution, and permission of the copyright owner needed) must be present in each accused product for it to be considered infringing.  Since the example provided by plaintiff identifies only one of these copyright status categories, then plaintiff has not shown infringement.  Second, in the example provided by plaintiff, only one manner of infringement is identified (that is, IconFind states that infringement occurs because Google's page includes the category "do not allow reuse (all rights reserved)."  Google argues that, if infringement is predicated only in this manner, then plaintiff should be required to admit this.

iii.   <u>Mere Recitation of Claim Language</u>

Lastly, Google argues that IconFind merely recites its claim language and points to the accused product.  It argues that plaintiff has provided no further information other than the claim language itself.

/////

/////

/////

/////

/////

6

b.      IconFind's Position

i.      Definition of "Network Page"[1]

IconFind argues that Google's motion lacks merit and simply reflects a disagreement of the parties concerning the scope and meaning of certain claim terms and the application of those disputed terms to the products accused of infringement.  IconFind asserts that the differences as to how terms should be construed will be argued at the Claim Construction Hearing before the district court.  Nonetheless, plaintiff has provided a definition of "network page" in its Preliminary Proposed Claim Constructions.  See JS, Ex. 3.  According to plaintiff, a "network page" is a "[p]age on the Internet, private corporate network, intranet, local area network or other network."  Id. at 2.

ii.      Copyright Status

As to Google's argument regarding copyright status, IconFind argues that defendant misreads the limitation by ignoring the phrases "a category" and "related to."  These phrases, argues IconFind, are important for three reasons: (1) there does not need to be an exact language "match up" to a category, so long as they "relate to" any of the four copyright categories; (2) these categories are not mutually exclusive (they can occur at the same time); and (3) one or all four of them could be present in order to infringe.

iii.      Recitation of Claim Language

Finally, IconFind asserts that its claim elements are set forth clearly and sufficiently.

/////

---

[1]  In its portion of the joint statement, IconFind discusses the definition of the term 'assigning.'  Google, however, does not challenge the term 'assigning'; rather, Google used the "assigning" element of Claim 1 as an example of its problem with IconFind's failure to define a 'network page.'

3.      Discussion

a.      Definition of "Network Page"

The court finds that Google's first issue with IconFind's infringement contentions is not a discovery matter.  As counsel for Google made plain at the April 5, 2012 hearing, Google seeks a definition of "network page" that specifies whether that phrase refers to a web page or an image on the web page.  This question, however, goes to the scope of the definition of "network page."  Under Markman v. Westview Instruments, Inc., 517 U.S. 370, 389-90 (1996), a district court construes the scope and meaning of disputed patent claims as a matter of law, which is prepared to do following the July 23, 2012 Claim Construction Hearing.  The exhibits filed with the joint statement make it evident that both parties intend to argue the scope and meaning of "network page."  See JS, Exs. 2-3.

b.      Copyright Status

Defendant's argument as to copyright status also fails.  Generally, the infringement contentions at issue here are modeled on the Northern District of California's ("NDCA") Patent Local Rule 3-1.  "The overriding principle of the Patent Local Rules is that they are designed to make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims."  InterTrust Techs. Corp. v. Microsoft Corp., 2003 U.S. Dist. LEXIS 22736, *6 (N.D. Cal. Nov. 26, 2003).  The purpose of the NDCA's Patent Local Rule 3–1, is "to require a plaintiff to crystalize its theory of the case and patent claims."  Id., *8.

Local Rule 3-1 states that a party claiming infringement shall provide "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."  "Patent L.R. 3-1 does not require [plaintiff] to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions," nor does it require a plaintiff to provide support for its contentions.  Network Caching Technology Corp. v. Novell,

1   Inc., 2003 WL 21699799 *4 (N.D. Cal. Mar, 21, 2003) (Network Caching II).  Instead, a party

2   need only set forth "particular theories of infringement with sufficient specificity to provide

3   defendants with notice of infringement" beyond the claim language itself.  Id.  However, it is

4   inappropriate to "simply mimic[ ] the language of the claim," providing "no further information

5   to defendants than the claim language itself."  Network Caching Technology, LLC v. Novell,

6   Inc., 2002 WL 32126128 * 6 (N.D. Cal. Aug. 13, 2002) (Network Caching II).

7           Through its motion, Google argues that IconFind has failed to identify where

8   Google's products infringe on Claims 6 and 31's copyright status categories.  Google also argues

9   that if it can be found to infringe the '459 patent by including the language "do not allow reuse

10  (all rights reserved)," then it should be bound to that single example.  Reading the infringement

11  contentions so narrowly, however, is contrary to the spirit of Local Rule 3-1, which does not

12  require that infringement contentions "be incontrovertible or presented in excruciating detail.

13  While the rule states that these disclosures should be 'as specific as possible,' there is no

14  requirement that [IconFind] thoroughly present and successfully defend its theories of

15  infringement in the confines of a[n infringement contentions] chart."  Network Caching II, 2003

16  WL 21699799, at *5.  The degree of specificity under Local Rule 3–1 must be sufficient to

17  provide reasonable notice to the defendant why the plaintiff believes it has a "reasonable chance

18  of proving infringement.  View Engineering, Inc. v. Robotic Vision Systems, Inc., 208 F.3d 981,

19  986 (Fed. Cir. 2000).   Examination of plaintiff's infringement contentions convinces the court

20  that Google has been provided reasonable notice of infringement Furthermore, a determination

21  as to whether Google's products infringe the '459 patent based on the presence of only one

22  copyright status category, all four or any combination thereof is a question to be addressed at the

23  Claim Construction Hearing. .

24  /////

25  /////

26

9

c.      Recitation of Claim Language

Lastly, upon examination of plaintiff's infringement contentions and the claims chart, the court finds that IconFind does a sufficient job of connecting its claims to the accused products.  Thus, defendant's motion will be denied.

C.      Request to Seal

Also pending is Google's request to seal pursuant to Local Rule 141.  Google seeks to file certain portions of the joint discovery statements under seal because they contain Google's confidential commercial information, they are only available to Google's employees, and their disclosure to the public could harm Google's business.  No opposition to this request has been filed.  Good cause appearing, this request will be granted.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendant Google's request to seal is granted.

a.      The following pages of defendant Google's "Joint Discovery Statement re Discovery Disagreement – Infringement Contentions" are hereby ordered to be filed under seal:

i.      The images embedded in pages 4, 5, 6, 7, and 8.

ii.     Exhibit 1, pages 10, 13, 14, 17, 33, 36, 41, 42, 45, 51, 66, 71, 82, 84, 88, 102, 106, 112, 114 and 118.

b.      The following page of plaintiff IconFind's "Joint Discovery Statement re Discovery Disagreement – Privilege Log and Document Production" is hereby ordered to be filed under seal: the image of the Google Document entitled "Creative Commons v. 1 – Features" on page 7.

2.  Plaintiff IconFind's motion to compel is denied.  The parties are ordered to meet and confer regarding Google's supplemental document production and revised privilege log

1  within ten days of the date of this order, after which they shall file a status report advising the

2  court whether a hearing is necessary.

3                    3.  Defendant Google's motion to compel is denied.

4  DATED: April 9, 2012.

5

6

7  UNITED STATES MAGISTRATE JUDGE

8

9  /014;icon0319.disc2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11