1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ICONFIND, INC.,

11          Plaintiff,                              No. CIV 2:11-cv-0319-GEB-JFM

12      vs.

13   GOOGLE, INC.,

14

15          Defendant.                      <u>ORDER</u>

16   _____/

17          On April 5, 2012, the court held a hearing on two discovery motions.  The first

18   motion, filed by plaintiff IconFind, concerned the sufficiency of defendant Google's initial

19   document production and corresponding privilege log.  The second motion, filed by Google,

20   concerned the sufficiency of IconFind's infringement contentions.  Both motions were ultimately

21   denied.  Additionally, the parties were ordered to meet and confer on IconFind's motion and to

22   thereafter submit a status report advising the court whether a hearing is necessary.  The parties

23   have since filed a status report, in which neither party requests a hearing, but IconFind requests

24   that Google be ordered to supplement its revised privilege log.  Upon review of the status report,

25   THE COURT FINDS AS FOLLOWS:

26

1

RELEVANT BACKGROUND

In its February 21, 2012 motion to compel, IconFind challenged the sufficiency of Google's initial document production and corresponding privilege log.  Specifically, IconFind challenged Google's privilege claims and its redaction of certain portions of the produced documents.  The motion, however, was filed only four days after the parties met and conferred on this issue, and after Google had already agreed to supplement its document production.  See J. Statement re Disc. Disagreement – Privilege Log and Doc. Produc. at 2.  On the eve of the April 5, 2012 hearing, Google did in fact supplement its document production and produce a revised privilege log.  In light of this supplemental production, IconFind's first set of issues were rendered moot.

At the April 5, 2012 hearing, counsel for plaintiff presented IconFind's second of set of issues with Google's document production and privilege log.  There, IconFind challenged Google's supplemental document production and revised privilege log on the grounds that Google improperly redacted source code and improperly withheld certain documents based on a prosecution bar.  Because the parties had obviously not met and conferred regarding IconFind's second set of issues, they were ordered to do so and to thereafter submit a status report advising the court whether a hearing was necessary.  Based on the representations made in the status report, which was filed after the parties met on April 18, 2012, it appears IconFind's second set of issues were resolved.  J. Status Report at 3-4.

There is now, however, a new, third issue regarding the sufficiency of Google's document production and privilege log.  In its initial privilege log, Google listed 506 documents. In the revised privilege log, 19 of the originally-listed 506 documents remained on the list, 127 were produced unredacted, 220 were produced in redacted form, and 140 were taken off the list entirely and not produced at all.  IconFind seeks an order directing Google to identify and make available for an in camera review the 360 documents from the latter two groups (the 220

produced in redacted form and the 140 that were not produced at all).  IconFind claims that these

documents, which were initially deemed responsive, continue to be responsive to its requests for

production.

Google, for its part, claims that IconFind is again turning to the court before

exhausting the meet and confer process.  Google asserts that IconFind raised its third issue for

the first time by email dated April 17, 2012.  <u>See</u> J. Status Report, Ex. A.  Although Google

requested an additional ten days to evaluate IconFind's position, <u>see id.</u>, Ex. D, IconFind claimed

that its issues with the sufficiency of Google's privilege log were not new and, based thereon,

declined Google's request for an additional ten days to respond.  <u>Id.</u>  This issue is now before the

court.

DISCUSSION

On review of the joint status report and the history of plaintiff's challenges to the

sufficiency of Google's document production and privilege log, the court finds that IconFind's

request is improperly before it.  While it is evident from the record that IconFind has generally

challenged the sufficiency of Google's document production and privilege log since January

2012, <u>see</u> J.S. at 2, it is also evident that the precise nature of the alleged insufficiencies have

changed at each turn.  IconFind's first set of issues – there, with Google's initial document

production and privilege log – concerned Google's assertions of privilege and its production of

documents in redacted form.  J.S. at 4.  IconFind's second set of issues – that time with the

revised privilege log – concerned Google's redaction of source code and withholding of certain

documents based on a prosecution bar.  IconFind's current issue – also as to the revised privilege

log – concerns Google's production in redacted form of 220 documents and its withholding of

140 other documents.  Clearly the nature of these disputes are different.  Accordingly,

IconFind's request will be denied and the parties will be directed to meet and confer on this third

issue.

1          Based on the foregoing, IT IS HEREBY ORDERED that IconFind's request is

2     denied.  The parties shall meet and confer within ten days of the date of this order regarding

3     IconFind's most recent issue with the sufficiency of Google's revised privilege log, after which

4     they shall file a second status report advising the court whether a hearing is necessary.

5     DATED: April 25, 2012.

6

7

8     UNITED STATES MAGISTRATE JUDGE

9

10    /014;icon0319.disc3

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4