IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Iconfind, Inc.,   )
                  )   2:11-cv-00319-GEB-JFM
       Plaintiff, )
                  )
    v.            )   ORDER DENYING DEFENDANT'S
                  )   SEALING REQUEST
Google, Inc.,     )
                  )
       Defendant. )
_____)

        On May 15, 2012, Google, Inc. ("Google") filed on the public docket a "Notice of Request to Seal Documents" in which it "requests to file under seal certain portions of its Opening Claim Construction Brief." (ECF No. 95, 1:20-21.) Google makes the following conclusory argument in this filing: "Google's Opening Claim Construction Brief contains IconFind's confidential commercial information and was designated CONFIDENTIAL OUTSIDE COUNSEL ONLY under the Protective Order (Dkt. 68) by IconFind. These documents should be filed under seal as . . . their disclosure to the public could harm IconFind's business." Id. at 1:22-26.

        On May 16, 2012, Google emailed the following documents to the Court for in camera consideration of its sealing request: a three page request to seal documents, a twenty-seven page opening claim construction brief ("Brief") to which is attached fifteen exhibits, and a one page proposed sealing order. The information Google seeks to have sealed is Exhibit 9 to its Brief and one sentence on page 9, footnote 2,

1

of its Brief, which relates to Exhibit 9. The sentence which Google seeks to seal simply states that a prior case involving Plaintiff and Yahoo!, Inc. settled for a certain monetary amount; Exhibit 9 is the settlement agreement between Plaintiff and Yahoo!, Inc.[1]

Google made the following arguments in its Request to Seal, which should have been included in its public filing:

> Discovery documents attached to a non-dispositive motion may be sealed upon a showing of good cause by the producing party.
>
> . . . .
>
> Exhibit [9] to Google's Opening Claim Construction Brief is a settlement agreement between Plaintiff and Yahoo! Inc. It contains the terms of that settlement and Plaintiff designated it CONFIDENTIAL OUTSIDE COUNSEL ONLY. One sentence in Google's Opening Claim Construction Brief contains a term of that settlement agreement.
>
> The lower "good cause" standard should be applied because claim construction briefs are non-dispositive. Good cause exists to seal Exhibit [9] and the related sentence because the document and related sentence contain IconFind's confidential commercial information. The settlement agreement is available only to IconFind employees and counsel and derive value from their confidential nature. . . . Furthermore, the public's interest in viewing this information is weak because the Claim Construction brief is not dispositive. This document and the related sentence are not necessary for the public to understand the issues presented in this case.
>
> Google's proposed sealing of documents is narrowly drawn to only confidential information that derives value from its confidential nature. Google respectfully requests that these documents be sealed from public disclosure.

(Def.'s Request to Seal, 2:4-3:14 (internal citations omitted).) "All

---

[1] Google identified the wrong exhibit number, Exhibit 10, in its sealing request and proposed order. The referenced settlement agreement is Exhibit 9 to the Brief.

1  requests to seal must specify the particular reason that the information
2  should be sealed. . . . The guiding principle here is that as much
3  information as possible should remain accessible to the public and no
4  more should be sealed than absolutely necessary." Lahrichi v. Lumera
5  Corp., No. C04-2124C, 2007 WL 1521222, at *2 (W.D. Wash. May 22, 2007).

6  Further, Google has not explained why it submitted the Brief's
7  fourteen additional exhibits to the Court for in camera consideration of
8  its sealing request. "To the extent [the other exhibits are] not
9  relevant to the [sealing decision]" submitting unnecessary and
10 "voluminous [documents] . . . is an inefficient use of judicial
11 resources[.]" Young v. Actions Semiconductor Co., Ltd., No. 06cv1667-
12 L(AJB), 2007 WL 2177028, at *5 (S.D. Cal. Jul. 27, 2007). Nor did Google
13 adequately address in its moving papers the relevancy of the information
14 it seeks to have sealed; the Court was forced to comb through Google's
15 twenty-seven page Brief to ascertain its relevancy to a claim
16 construction issue. Google, as the movant for a sealing order, is
17 required to succinctly evince the relevancy of the information it seeks
18 to have sealed.

## DISCUSSION

20 "Two standards generally govern motions to seal documents[;]"
21 Google makes a conclusory argument in its Request to Seal, a brief which
22 it seeks to file under seal, that the lesser "good cause" standard
23 applies to its sealing request. Pintos v. Pac. Creditors Ass'n, 605 F.3d
24 665, 677 (9th Cir. 2010). However, the issue concerning which sealing
25 standard applies need not be reached since Google has not shown that
26 what it seeks to seal is relevant to the claim construction at issue,
27 and is text which needs to be referenced in its Brief or attached as an
28 exhibit. See Young, 2007 WL 2177028, at *4 (denying a request to seal,

partly because the request sought to have irrelevant information sealed).

A party filing a motion to seal or redact "should carefully consider not only whether a document or a portion thereof warrants sealing, but whether what [it] deems to be confidential is relevant" to what is at issue. Id.  This relevancy determination is important because the Court should not condone what are "essentially secret judicial proceedings" on a matter that has no relevancy or sufficient probative value on what is at issue. Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 345 (3d Cir. 1986); see also E.D. Cal. R. 141(b)("The [Request] shall set forth the statutory or other authority for sealing, the requested duration, . . . and all other relevant information.").

For the stated reasons, Google's sealing request is denied. See U.S. v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request the party submitting the request then decides how to proceed in light of the ruling).

Dated:  May 21, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge