IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Iconfind, Inc., | ) | |
| Plaintiff, | ) | 2:11-cv-0319-GEB-JFM |
| | ) | |
| v. | ) | CLAIM CONSTRUCTION ORDER |
| | ) | |
| Google, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This order issues following consideration of each party's brief and argument concerning the meaning of certain terms and phrases in Plaintiff Iconfind, Inc.'s ("Iconfind") U.S. Patent No. 7,181,459 ("the '459 Patent"). The '459 Patent is titled "Method of Coding, Categorizing, and Retrieving Network Pages and Sites." The background section of the '459 Patent states: "The present invention relates generally to methods for categorizing and searching for information on a network and, more specifically, to categorizing and searching Web pages on the Internet." ('459 Patent 1:22-25.) Iconfind alleges in its complaint that Defendant Google, Inc. ("Google") infringes the '459 Patent by its "use, ownership and operation of websites in which it incorporates and facilitates Creative Commons licenses, including but not limited to Google Knol, Google Books and Google Picasa."

The parties dispute the meaning of the bolded terms and phrases below in independent claims 1, 30, 31 and dependent claim 6 of the '459 Patent:

Claim 1

A computer implemented method of categorizing a **network page,** comprising:

providing a list of categories, wherein said list of categories include a category for transacting business and a category for providing information, and wherein said list of categories include a category based on copyright status of material on a page;

**assigning said network page to one or more of said list of categories;**

providing a categorization label for the **network page** using the copyright status of material on the **network page;** and

controlling usage of the **network page** using the categorization label and the copyright status of the network page.

Claim 6

The method of claim 1, wherein said plurality of categories based on the copyright status of material on a page comprise **categories related to public domain, fair use only, use with attribution, and permission of copyright owner needed.**

Claim 30

A computer implemented method for categorizing a **network page,** comprising:

providing a list of categories, wherein said list of categories include a category for transacting business and a category for providing information, and wherein said list of categories include a plurality of categories based on the copyright status of material on a page;

providing a categorization code for labeling the **network page** with a categorization label, wherein said categorization label indicates **a set of categories and subcategories to which the network page is assigned,** and wherein said categorization label indicates the copyright status of material on the **network page;** and

controlling usage of the **network page** using the categorization label and the copyright status of the network page.

Claim 31

A computer implemented method of categorizing a **network page,** comprising:

providing a list of categories, wherein said categories include a category based on the copyright status of material on a page, and wherein the copyright status comprises **categories related to public domain, fair use only, use with**

> attribution, and permission of copyright owner needed;
> assigning said network page to one or more of a plurality of said list of categories;
> providing a categorization label for the **network page** using the copyright status of material on the **network page**; and
> controlling usage of the network page using the categorization label and the copyright status of the **network page.**

"A court construing a patent claim seeks to accord a claim the meaning it would have to a person of ordinary skill in the art at the time of the invention." Innova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc., 381 F.3d 1111, 1116 (Fed. Cir. 2004). "Such person is deemed to read the words used in the patent documents with an understanding of their meaning in the field, and to have knowledge of any special meaning and usage in the field." Multiform Desiccants, Inc. v. Medzam Ltd., 133 F.3d 1473, 1477 (Fed. Cir. 1998).

"[I]n interpreting [a claim term], the court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history." Vitronics Corp. v. Conceptronic, 90 F.3d 1576, 1582 (Fed. Cir. 1996). "[T]he claims themselves provide substantial guidance as to the meaning of particular claim terms . . . [and] the context in which a claim term is used in the asserted claim can be highly instructive." Phillips v. AWH Corp., 415 F.3d 1303, 1314 (Fed Cir. 2005) (internal citations omitted). "[T]he specification is always highly relevant to the claim construction analysis[;] . . . it is the single best guide to the meaning of a disputed term." Vitronics, 90 F.3d at 1582.

## A.   "Network Page"

The parties propose different constructions for the meaning of the words "network page." Iconfind argues that the following

construction of network page, which was adopted in <u>Iconfind, Inc. v.</u> <u>Yahoo!, Inc.</u>, Case No. 09-0109, 2009 WL 8454648, at *4 (E.D. Cal. Dec. 14, 2009) ("<u>Yahoo!</u>"), should be adopted in this case: "Page on the Internet, private corporate network, intranet, local area network, or other network." (Iconfind Br. 14:12-14.)

Google argues this proposed construction of "network page" fails to "capture[] an important concession made by [Iconfind] in [<u>Yahoo!</u>]"; specifically, the <u>Yahoo!</u> court "determined that 'page' did not require construction" since Iconfind's counsel conceded during the claim construction hearing in <u>Yahoo!</u> "that an image on a 'page' did not constitute a 'page.'" (Google Br. 13:5-6.) Google argues that the claims and specification in the '459 Patent support the addition of the following limitation to the <u>Yahoo!</u> court's construction of "network page": "wherein an image on a page does not constitute a page."

Claim 1 of the '459 Patent concerns: "A . . .  method of categorizing a network page" "wherein . . . categories include a category based on copyright status of material on a page." ('459 Patent 12:24-30.) Independent claims 30 and 31 also describe methods for categorizing a "network page" which include the "copyright status of material on a page." (14:22-23, 38-39.)

The specification states: "Pages on the Internet are identifiable by unique addresses and include both Web sites and Web pages." ('459 Patent 4:48-49.) The terms "page" and "Web page" are used interchangeably throughout the specification; as evidenced by the following example under the heading "Description of the Preferred Embodiments":

> First tier [] is a division into one or both of two
> major categories: **pages** that are involved in
> transacting business and pages that are involved in
> providing information. . . . Some **Web pages** may be

4

1  involved in both transacting business and providing information and thereby fall within both the
2  categories of "Commerce" and "Information."

3 ('459 Patent 4:60-67, 5:1-9 (emphasis added).) A person of ordinary

4 skill in the art reading the '459 Patent would understand that a "page"

5 is an address on a network, for example a Web page.

6         In addition, the specification discusses "a hierarchy of three

7 tiers . . . to categorize, and to search for information located on, Web

8 pages." ('459 Patent 4:50-53.) The specification states the "[t]hird

9 tier [] is a division into one or more categories according to the type

10 of files associated with a Web page . . . including . . . graphics[.]"

11 ('459 Patent 5:30-31.) The specification also states that the "Visual"

12 category within this tier "includes files containing pictures[.]" ('459

13 Patent 5:39.) A person of ordinary skill in the art reading the '459

14 Patent would understand that the third tier of categories concerns the

15 type of files on a page, and consequently that a page contains files,

16 which may include picture files.

17         Google's proposed limitation is supported by the intrinsic

18 record since a person of ordinary skill in the art reading the '459

19 Patent would understand that an image on a page is not a page.

20 Therefore, the following construction of network page is adopted: An

21 address on the Internet, private corporate network, intranet, local area

22 network or other network, for example, a Web page; wherein an image on

23 a page is not a page.

24 **B.   "Assigning said network page to one or more of a plurality of said**
25 **list of categories" and "a set of categories and subcategories to**
    **which the network page is assigned"**

26         The parties dispute the meaning of the following phrases:

27 "assigning said network page to one or more of a plurality of said list

28 of categories"; and, "a set of categories and subcategories to which the

network page is assigned." Iconfind argues these phrases "should be given [the] plain and ordinary meaning in the context of the intrinsic record as understood by a person of skill at the time of the invention." (Iconfind Br. 19:9-12.) Google seeks to limit each phrase by "requir[ing] that the assignment be performed by the creator[.]" (Google Br. 16:8-9.)

The specification states the invention "includes the steps of providing the creator with a list of categories and providing the creator an opportunity to assign the page to one or more of the categories." ('459 Patent 5:64-67.) The specification describes the assignment step as follows: "The creator of a Web page may assign the Web page to any number or combination of the categories of three tiers . . . and one of the copyright-status categories . . . . The creator may also decide not to assign the page to any of the categories of a particular tier." ('459 Patent 6:12-16.) "After the creator decides to which categories to assign the page, the creator may mark or tag the page as belonging in or within the assigned categories by associating, with the page, the corresponding indicium for each assigned category." (459 Patent 6:50-51.) "[T]he specification . . . consistently and exclusively" states that the categories are assigned to a network page by the creator. Hologic, Inc. v. SenoRx, Inc., 639 F.3d 1329, 1338 (Fed. Cir. 2011).

Therefore, the following constructions of "assigning said network page to one or more of a plurality of said list of categories" and "a set of categories and subcategories to which the network page is assigned" are adopted:

The creator assigns the network page to one or more categories; and, a set of categories and subcategories to which the

network page is assigned by the creator.

**C.    "Categories related to public domain, fair use only, use with attribution, and permission of copyright owner needed"**

The parties dispute the meaning of the phrase "categories related to public domain, fair use only, use with attribution, and permission of copyright owner needed." Iconfind argues this phrase "need not be construed separately and should be given its plain and ordinary meaning in the context of the intrinsic record as understood by a person of skill at the time of the invention." (Iconfind Br. 26:22-24, 27:1.) Google seeks a construction which "requires that the method provide four mutually exclusive categories as the claims require." (Google Br. 22:6-12.) Iconfind responds that "'each' of the four categories need not be represented in . . . 'a category'" in claims 6 and 31. (Iconfind Resp. Br. 15:20-21.)

Claim 6 states the "categories based on the copyright status of material on a page comprise categories related to public domain, fair use only, use with attribution, and permission of copyright owner needed." ('459 Patent 12:54-56.) Claim 31 states "the copyright status comprises categories related to public domain, fair use only, use with attribution, and permission of copyright owner needed." ('459 Patent 14:40-42.) "In the patent claim context the term compris[e] is well understood to mean 'including but not limited to.'" <u>Cias, Inc. v. Alliance Gaming Corp.</u>, 504 F.3d 1356, 1360 (Fed. Cir. 2007) (citation omitted). Therefore, a person of ordinary skill in the art would understand that the category based on copyright status in claims 6 and 31 includes "categories related to public domain, fair use only, use with attribution, and permission of copyright owner needed."

The specification provides the following definitions of these

categories:

> Public Domain is material that is in the public domain and can be used freely without any restrictions. Fair Use Only is material meant to be used in accordance with accepted fair use guidelines. Use with Attribution is material that can be used as long as its use is accompanied by an attribution to the author or copyright owner. Permission of Copyright Owner Needed is material that cannot be used unless the copyright owner is first contacted for permission which may or may not be granted and may include fees and additional terms.

('459 Patent 5:49-58.)

In light of the specification and the claims, a person of ordinary skill in the art reading the '459 Patent would understand that claims 6 and 31 require categories that relate to the definitions provided in the '459 Patent for Public Domain, Fair Use Only, Use with Attribution, and Permission of Copyright Owner Needed. Therefore, the following construction of "categories related to public domain, fair use only, use with attribution, and permission of copyright owner needed" is adopted:

The category based on copyright status includes categories related to the following: in the public domain and can be used freely without any restrictions; meant to be used in accordance with accepted fair use guidelines; can be used as long as its use is accompanied by an attribution to the author or copyright owner; or, cannot be used unless the copyright owner is first contacted for permission which may or may not be granted and may include fees and additional terms.

**D.   Agreed Upon Constructions**

The parties have submitted agreed upon constructions for the following terms which are also adopted:

| Term | Construction |
|------|--------------|
| category for transacting business | A category for network pages that have as a purpose transacting business |
| category for providing information | A category for network pages that have as a purpose the provision of information, for example, network pages that contain articles, journals, or publications |
| categorization label | Label indicating a category or categories to which a page is assigned |
| categorization code | System of characters or symbols that represent categories |

The parties shall file a further joint status report within thirty (30) days of the date this order is filed addressing the following:

    a)   The filing of dispositive motions, and the timing of those motions;
    b) Anticipated post-claim construction discovery; and,
    c)   Any other pretrial matters.

Dated:  November 1, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge

9